# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| JASON MICHAEL WOODSIDE and | ) | |
| JASON WOODSIDE STUDIOS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | JURY DEMAND |
| GOTEE RECORDS, INC., GOTEE | ) | |
| MUSIC, INC., WANDER CREATIVE | ) | |
| PRODUCTIONS, LLC, and HOLLY | ) | |
| MARIE MILLER p/k/a "HOLLYN", | ) | |
| | ) | |
| Defendants. | ) | |

## <u>VERIFIED COMPLAINT</u>

Come now, the Plaintiffs, Jason Michael Woodside ("Mr. Woodside") and Jason Woodside Studios, Inc. ("Woodside Studios"), by and through counsel, and for their Verified Complaint against Defendants, Gotee Records, Inc. ("Gotee Records"), Gotee Music, Inc. ("Gotee Music") (collectively, "Gotee"), Wander Creative Productions, LLC ("Wander Productions"), and Holly Marie Miller p/k/a "Hollyn" ("Hollyn"), state as follows:

## I.     NATURE OF ACTION

1.      This is an action to redress the Defendants' reproduction, distribution, and otherwise unlawful use of Mr. Woodside's original copyrighted artwork without his permission or authority.  Further, this action stems from the additional commercial endeavors of Gotee and Hollyn that were unfair and deceptive inasmuch as they misrepresented the Plaintiffs' other valuable brand, ideas, work, and general goodwill as if they were their own in conjunction with their business activities.

2. As a result of the Defendants' conduct as described herein, Mr. Woodside asserts claims against each of the Defendants under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* ("Copyright Act"). Further, the Plaintiffs assert claims against Gotee and Hollyn pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 125(a), Tennessee statutory and common law, and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq* ("TCPA").

## II.  PARTIES

3. Mr. Woodside is an individual and resident of the State of New York.

4. Woodside Studios is a Florida corporation with a principal address located at 830 East Red House Branch Road, St. Augustine, Florida 32084.

5. Gotee Records is a Tennessee corporation and may be served with process at its principal address, located at 401 Church Street, Franklin, Tennessee 37064, through its registered agent, Joseph Elwood.

6. Gotee Music is a Tennessee corporation and may be served with process at its principal address, located at 401 Church Street, Franklin, Tennessee 37064, through its registered agent, Joseph Elwood.

7. Wander Productions is a Tennessee limited liability company, with its principal address located at 1033 Demonbreun Street, Nashville, Tennessee 37203. Wander Productions may be served with process through its registered agent, Austin Jones, whose address is 4811 Abbay Drive, Nashville, Tennessee 37211.

8. Upon information and belief, Hollyn is an individual and resident of the State of Tennessee, who resides in the Middle District and transacts business in the State of Tennessee.

## III.  JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Mr.

2

Woodside's claims under federal law.

10.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Plaintiffs' state law claims because they arise from and form part of the same controversy from which Mr. Woodside seeks relief under federal law.

11.     Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in the Middle District of Tennessee.  Further, Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the conduct giving rise to this action occurred in the Middle District of Tennessee.

## IV.     FACTS

### Mr. Woodside and His Brand

12.     Mr. Woodside is an internationally renowned visual artist.  Mr. Woodside operates his business through Woodside Studios.  Mr. Woodside's iconic visual artwork, known for its colorful neon and geometric designs, sells for thousands of dollars, and is highly sought after by collectors, corporations, and individuals throughout the world.

13.     Mr. Woodside's visual artwork has been featured at exhibitions in, among other cities, London, Paris, and New York City.  Further, Mr. Woodside also commands premium fees and royalties for the use of his artwork in general commercial contexts.  Mr. Woodside's artwork has been published in numerous books and magazines, and has been featured on countless websites.  Mr. Woodside often licenses his artwork for use on, among other items, apparel, consumer goods, and television shows.  In particular, Mr. Woodside has licensed, or is in the process of licensing, his visual artwork and design to international brands, including Adidas, PepsiCo., Google, and Pixar.

3

14.     In addition, Mr. Woodside has completed commissioned murals in cities around the world, including Nashville, Paris, Sydney, Los Angeles, New York City, Washington D.C., and San Francisco, among others. In those contexts, Mr. Woodside retains all copyrightable interests in his artwork.

15.     Below are representative examples of Mr. Woodside's iconic visual artwork:


"Open Stripes" (Original)


"Blue Sphere" (Original)


Gallery


Adidas and Urban Outfitters

4



PepsiCo "LifeWtr"



OBEY Clothing
New York, New York



Google Building
Los Angeles, California



WeWork Building
Berkley, California



JBD, Co., curated by Whyno Gallery
Washington, D.C.



"Illuminated Cube"
Toronto, Canada

5



Paris, France



Sydney, Australia



Mural
Washington, D.C.



Boston, Massachusetts

16. Through these and other activities, Mr. Woodside's iconic visual artwork has become closely associated with Mr. Woodside, Woodside Studios, and their business activities. Further, Mr. Woodside and Woodside Studios have developed a strong and valuable brand that is directly tied to Mr. Woodside and Woodside Studios.

### ***The Gulch***

17. In or around April, 2017, Mr. Woodside created a large original work of art in Nashville entitled *The Gulch*, which was commissioned by the Nashville Walls Project. *The*

6

*Gulch* is a large mural painted and displayed on a wall of a building on the corner of 12th Avenue South and Laurel Street in the popular "Gulch" district near downtown Nashville.

18.    Below are representative images of *The Gulch*:









8

19. *The Gulch* is wholly copyrightable under the laws of the United States, and Mr. Woodside, as the creator and sole owner of *The Gulch*, holds all copyrightable interests therein.

20. Mr. Woodside has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyright(s) to *The Gulch*. On August 24, 2017, Mr. Woodside caused his copyright in *The Gulch* to be registered with the United States Copyright Office, such registration being assigned Registration No. VA0002074620. A true and correct copy of the Certificate of Registration for *The Gulch* is attached hereto as Exhibit A and incorporated herein by reference.

## Hollyn, Gotee, and Wander Productions

21. Hollyn is a prominent pop musician now based in Nashville and/or Franklin, Tennessee. In or about 2013, Hollyn appeared on Season 12 of *American Idol* and has since released records and singles that have gained notoriety topping the Billboard charts.

22. Hollyn has generated significant notoriety on social media, where she and Gotee promote her brand as a musical artist. At the time of the filing of this Complaint, Hollyn has over 220,000 subscribers on YouTube, 173,000 followers on Instagram, over 100,000 followers on Facebook, and over 26,000 followers on Twitter. In addition, Hollyn's music videos posted to YouTube have been viewed over approximately 40 million times, collectively.

23. Gotee is Hollyn's record label and is located in Franklin, Tennessee. Gotee was founded in 1994 by Christian hip-hop artist, Toby McKeehan, professionally known as "TobyMac", who generated fame and notoriety as a member of the Christian hip-hop group known as "dc Talk". Gotee has a long history of success in the music industry, responsible for developing successful careers of numerous musicians over nearly the last 25 years.

9

24.     Gotee publicizes and distributes Hollyn's music-related activities, including her sound recordings, television appearances, and tours.  Gotee distributes Hollyn's promotional materials through numerous channels, including its website, www.gotee.com.  Further, upon information and belief, Gotee publicizes and distributes Hollyn through third parties.

25.     Wander Productions is a digital marketing company that, upon information and belief, is hired to direct and produce video productions, including, but not necessarily limited to, music videos.  Upon information and belief, those who have hired Wander Productions in this regard include Word Entertainment and Curb Records, among others.

26.     At all times relevant to this action, Wander Productions served as Gotee's digital marketing company with regard to the production of music videos for musicians under the Gotee label, including Hollyn.

### Music Video for Hollyn's Single Entitled "¡Hola!" and Unauthorized Use of *The Gulch*

27.     As described *infra*, the Defendants have, without permission, authority, or license from the Mr. Woodside, used, infringed, diluted, and threatened further use, infringement, and dilution, Mr. Woodside's copyrights in certain copyrighted artworks, including, without limitation, *The Gulch*.

28.     Beginning in or around September, 2017, without Mr. Woodside's authorization, *The Gulch* was prominently featured in the music video, promotional photographs, artistic branding, and creative design related to Hollyn and Gotee.  In that regard, *The Gulch* was used as the primary vehicle for announcing and subsequently promoting and advertising Hollyn as a musical artist, including the release of Hollyn's recent single entitled "¡Hola!".

10

29.     The Defendants have extensively reproduced, displayed, created derivatives, and otherwise engaged in the unauthorized and unlawful use of *The Gulch* to promote Hollyn, her records, and "¡Hola!".

30.     On or about September 13, 2017, and without Mr. Woodside's authorization, Hollyn and Gotee released an "Official Music Video" for Hollyn's single "¡Hola!" ("¡Hola! Video") on YouTube.  The ¡Hola! Video prominently displayed *The Gulch* throughout the video, and featured *The Gulch* as the backdrop in the video when every chorus played.  Indeed, *The Gulch* pervades the ¡Hola! Video, serves as its constant focal point, and is its exclusive featured design element.

31.     Below are representative examples of the Defendants' unauthorized and unlawful use of *The Gulch*:









12





32.     Upon information and belief, Wander Productions directed and produced the ¡Hola! Video.  Wander Productions publicized and promoted the ¡Hola! Video using, without limitation, its social media accounts.

13

33.     Within approximately one week of the ¡Hola! Video being published, and the Defendants' promotion thereof, it gained over 110,000 views.

34.     Upon information and belief, the ¡Hola! Video has been distributed by the Defendants to numerous third parties to promote the Defendants' business activities.

35.     The Defendants were aware, or should have been aware, of the fact that Mr. Woodside owned the rights associated to *The Gulch*.  In fact, the Defendants' own unauthorized use of *The Gulch* includes Mr. Woodside's signature "Jason Woodside 2017" in the frame, as shown in the representative example below:



36.     The Defendants' unauthorized and unlawful use of Mr. Woodside's intellectual property, including, without limitation, *The Gulch*, is not transformative in that it neither adds anything new with any different purpose and/or character, nor alters Mr. Woodside's work with any new expression, meaning, and/or message.

37.     Upon information and belief, the Defendants significantly benefitted commercially from their unauthorized and unlawful use, or contributing to unauthorized the

14

unauthorized and unlawful use, of Mr. Woodside's protected interests in and to his intellectual property, including, without limitation, *The Gulch*.

38.     Further, although Gotee and Hollyn have since removed the ¡Hola! Video, the commercial benefits Gotee and Hollyn received by their use of *The Gulch* in the ¡Hola! Video can be seen in numerous comments on the currently available music video Hollyn's single, "¡Hola!".  Such comments include those from Hollyn's fans stating:

> I swore there was a video for this
>
> * * *
>
> Hollyn, why did you delete the music video for this song?
>
> * * *
>
> What happened to the music video?
>
> * * *
>
> Where's the video? :(
>
> * * *
>
> Why did she delete the music video?
>
> * * *
>
> Why was the music video deleted?
>
> * * *
>
> What happened to the music video 😭 It was soo good! I love this song so much
>
> * * *
>
> Why did you delete the music video ***I watched it over and over plz bring it back***
>
> * * *
>
> Why you removed the video

### Additional Deceptive Conduct

39.     Further, the Gotee and Hollyn passed-off aspects of the Plaintiffs' valuable brand associated to their unique use of colorful neon and geometric designs as the Defendants' own.

15

Gotee and Hollyn have featured such brand in the artistic branding, creative design, and marketing design elements related to Gotee and Hollyn.

40.     Gotee and Hollyn have done so in a manner which is deceptive, and leads to consumer confusion as to the source of the brand, as shown in the representative examples below:









17







41. Further, although Gotee and Hollyn have since removed the ¡Hola! Video from YouTube, they have continued to pass-off the Plaintiffs' brand associated as their own. Among other things, beginning on or about September 21, 2017, Gotee and Hollyn began to distribute a new music video for Hollyn's single, "¡Hola!" ("New ¡Hola! Video"), that maintains its connection to the Plaintiffs' strong brand associated to their unique use of colorful neon and geometric designs in the single image that shows throughout the length of the New ¡Hola! Video.

18

42.     A representative example of the single image that shows throughout the length of the New ¡Hola! Video is shown below:



43.     Since Gotee and Hollyn began distributing the New ¡Hola! Video on YouTube, it has accumulated over 2,000,000 views.

44.     Further, Gotee and Hollyn continue to distribute promotional photographs that pass-off the Plaintiffs' brand as their own, including, but not limited to, the following:



19

45.     A representative example of the deception and confusion caused by Gotee and Hollyn is shown below, where an individual posted a photo to Instagram showing creative design elements similar to Mr. Woodside's, although not associated to Mr. Woodside and/or Woodside Studios, and "tagged" the photo with the hashtags "#tobymac" and "#hollyn":



46.     Gotee and Hollyn continue to use branding and promotional materials that pass-off the Plaintiffs' brand as their own because it is valuable, notwithstanding the confusion and deception it causes consumers and the significant harm caused to Mr. Woodside and Woodside Studios.

47.     The Plaintiffs have suffered and continue to suffer damages and irreparable injury as a direct and proximate result of each of the Defendants' conduct as described herein.

## V.     CLAIMS FOR RELIEF

### COUNT 1
### Copyright Infringement – All Defendants

48.     Mr. Woodside restates the allegations contained within paragraphs 1 through 47 of this Verified Complaint by reference.

49.     Mr. Woodside is the sole owner of all right, title, and interest in the copyright to *The Gulch*.  Mr. Woodside did not authorize, license, or otherwise permit any of the Defendants to produce, display, distribute, and/or use *The Gulch* or any copies thereof, or to prepare derivative works based upon *The Gulch*.

50.     Without Mr. Woodside's permission or authority, each of the Defendants reproduced, displayed, distributed, and otherwise used the *The Gulch* in music videos, promotional photographs, artistic branding, and creative design related to each of their commercial endeavors.  Each of the Defendants benefitted commercially from such unauthorized and unlawful use of *The Gulch*

51.     The Defendants' unauthorized use of *The Gulch* constitutes an infringement of Mr. Woodside's copyright interests pursuant to the Copyright Act

52.     Mr. Woodside has suffered damages as a result of the Defendants' conduct as described herein and is entitled to damages and injunctive relief.

## COUNT 2
## Contributory Copyright Infringement – All Defendants

53.     Mr. Woodside restates the allegations contained within paragraphs 1 through 52 of this Verified Complaint by reference.

54.     The Defendants caused, enabled, encouraged, facilitated, and induced others to violate Mr. Woodside's copyright in *The Gulch* by enabling, encouraging, facilitating, and inducing the copying, distribution, and display of unauthorized derivatives of *The Gulch*.  The Defendants benefitted commercially from such unauthorized and unlawful use of *The Gulch*.

55.     The Defendants' conduct constitutes contributory infringement of Mr. Woodside's copyright interests in *The Gulch*.

21

56.     Mr. Woodside has suffered damages as a result of the Defendants' conduct as described herein and is entitled to damages and injunctive relief.

## COUNT 3
### Federal Unfair Competition – Gotee and Hollyn

57.     The Plaintiffs restate the allegations contained within paragraphs 1 through 56 of this Verified Complaint by reference.

58.     Gotee and Hollyn have wrongfully used Mr. Woodside's copyrighted work, and other deceptive content of the Plaintiffs in connection with Gotee's and Hollyn's advertisements and sale of entertainment-related products to consumers.   Such use falsely represented to consumers that Gotee's and Hollyn's products originate with, are sponsored, endorsed, and/or licensed by the Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 125(a).

59.     Such use was intended by Gotee and Hollyn to deceive customers into purchasing Gotee's and Hollyn's products under the misguided and incorrect belief that Gotee and Hollyn are affiliated with the Plaintiffs, which is false.

60.     Gotee and Hollyn have misrepresented the nature, characteristics, and qualities of their goods in commercial advertising throughout the United States.

61.     Gotee's and Hollyn's false designation of origin and false descriptions have been willful and deliberate, and were specifically designed to trade upon the consumer goodwill enjoyed by the Plaintiffs among consumers.

62.     The Plaintiffs' goodwill among consumers is extremely valuable, and the Plaintiffs have suffered, and will continue to suffer, irreparable harm if Gotee's and Hollyn's false designation of origin is allowed to continue.

**Tennessee Unfair Competition – Gotee and Hollyn**

63.     The Plaintiffs restate the allegations contained within paragraphs 1 through 62 of this Verified Complaint by reference.

64.     Gotee and Hollyn have acted with intent to deceive the public as to the source of their goods and services.  The public has, in fact, been confused or deceived as to the true source of Gottee's and Hollyn's goods and services, and their rights and authority related thereto.

65.     Gotee's and Hollyn's unlawful usurpation of the Plaintiffs' rights and property constitutes unfair competition under Tennessee law.

66.     The Plaintiffs have suffered harm as a result of Gotee's and Hollyn's conduct.

**COUNT 5**
**Tennessee Consumer Protection Act – Gotee and Hollyn**

67.     The Plaintiffs restate the allegations contained within paragraphs 1 through 66 of this Verified Complaint by reference.

68.     Gotee and Hollyn have committed unfair and deceptive acts or practices as described herein.  The unfair and deceptive acts and/or practices of Gotee and Hollyn constitute a violation of the TCPA.

69.     The Plaintiffs have suffered an ascertainable loss as a result of the unfair or deceptive acts or practices of Gotee and Hollyn.

70.     The unfair or deceptive acts or practices of Gotee and Hollyn were willful and knowing and Gotee and Hollyn are liable for treble damages and the Plaintiffs' costs and reasonable attorney's fees.

23

# VI.   PRAYER

WHEREFORE, the Plaintiffs pray for the following relief:

A.   Process be issued to each the Defendants and this Verified Complaint be served upon them requiring them to respond;

B.   Preliminary and permanent injunctive relief prohibiting each of the Defendants, and their officers, agents, servants, employees, successors, assigns, affiliates, and all others acting in concert with any of them, from using, producing, displaying, distributing, and any and all other use of *The Gulch* without Mr. Woodside's express authorization;

C.   Preliminary and permanent injunctive relief prohibiting Gotee and Hollyn, and their officers, agents, servants, employees, successors, assigns, affiliates, and all others acting in concert with any of them from using, producing, displaying, distributing, and any and all other uses of the Plaintiffs' valuable brand known for its colorful neon designs and geometric shapes;

D.   An impoundment of the Defendants' products that infringe Mr. Woodside's copyrights;

E.   An accounting of the Defendants' profits;

F.   Judgment be entered against the Defendants for Mr. Woodside's direct and consequential damages arising from their infringement of Mr. Woodside's copyright;

G.   Judgment be entered against the Defendants for Mr. Woodside's actual damages and all profits earned by the Defendants from their infringement of Mr. Woodside's copyright;

H.   Judgment be entered against the Defendants for statutory damages within the provisions of the Copyright Act, including such statutory damages based on the Defendants' willful infringement of Mr. Woodside's copyright;

I.       Judgment be entered against the Defendants for the Plaintiffs' costs of this action, including their reasonable attorney's fees;

J.       Judgment be entered against Gotee and Hollyn, jointly and severally, for their unfair competition under Tennessee law;

K.       Judgment be entered against Gotee and Hollyn, jointly and severally, for their unfair competition under federal law;

L.       Judgment be entered against Gotee and Hollyn, jointly and severally, for the ascertainable loss the Plaintiffs have suffered because of their violations of the TCPA;

M.       Judgment be entered against Gotee and Hollyn for treble damages, costs, and attorney's fees pursuant to the TCPA;

N.       A trial by jury as to all issues so triable; and,

O.       For such other, further, and general relief to which the Plaintiffs may show themselves to be entitled.

Respectfully submitted,


s/ Joshua D. Arters
Ben M. Rose (TN # 21254)
Joshua D. Arters (TN # 31340)
RoseArters, PLLC
Post Office Box 1108
Brentwood, Tennessee  37024
(615) 942-8295

Attorneys for the Plaintiffs,
Jason Michael Woodside and Jason
Woodside Studios, Inc.

## <u>VERIFICATION</u>

I, JASON MICHAEL WOODSIDE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this the 24th day of September, 2018.

_____
**JASON MICHAEL WOODSIDE**

## <u>VERIFICATION</u>

I, JASON MICHAEL WOODSIDE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I am the principal of Jason Woodside Studios, Inc., and the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this the 24th day of September, 2018.

JASON WOODSIDE STUDIOS, INC.

By: _____
**JASON MICHAEL WOODSIDE**

Its: <u>**Principal**</u>
